IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| **MILTON ORR KENNEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:12-7012 |
| | ) | |
| **SHAWN LAUGH,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On October 26, 2012, Plaintiff, then incarcerated at FCI Beckley, filed an Application to Proceed Without Prepayment of Fees and Costs and a Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983.[1] (Document Nos. 1 and 2.) Having examined all documents of record, the undersigned finds that Plaintiff has failed to state a claim for which relief can be granted and therefore respectfully recommends that his Application to Proceed Without Prepayment of Fees and Costs be denied and his Complaint be dismissed without prejudice.[2]

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] The undersigned views Plaintiff's claims as potentially falling under *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619(1971). A *Bivens* action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. *See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. at 395-97, 91 S.Ct. at 2004-05; *See also Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending *Bivens* to Eighth Amendment claims); *Davis v. Passman*, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending *Bivens* to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A *Bivens* action is the federal counterpart of an action under 42 U.S.C. § 1983. Plaintiffs asserting claims under *Bivens* must show the violation of a valid constitutional right by persons acting under color of federal law. Thus, plaintiffs may bring actions for money damages against federal officers or agents in their individual capacities acting under the

**PLAINTIFF'S CLAIMS**

Plaintiff states in his Complaint (Document No. 2.) that during a team meeting in November, 2011, Defendant, a counselor at the prison, "tried to get me to sign papers saying I was a sex offender." Plaintiff states that he refused to do so because he had not been convicted of a sexual offense. Plaintiff refers specifically to State charges against him of, and the record evidences that he was charged with (Id., p. 19.), kidnaping and first degree assault which were converted to unlawful imprisonment and fourth degree assault. Plaintiff indicates that the charges resulted from his conduct in attempting to keep his pregnant girlfriend from using drugs thereby harming their daughter. Plaintiff asserts that Defendant and other staff at FCI Beckley violated his constitutional rights under the Fifth and Fourteenth Amendments and Bureau of Prisons policy by falsely considering and calling him a sex offender and telling other staff at FCI Beckley that he was a sex offender. Plaintiff claims that he has suffered emotional distress, weight loss from worrying and damage to his reputation and character as a consequence of Defendant's outrageous, reckless, negligent and defamatory conduct. Plaintiff requests monetary relief. Plaintiff states that he presented the above claim to prison authorities through the prison grievance procedure indicating that he went through the "entire procedure but I was told by administrative remedy clerk to go

---

color of their authority for injuries caused by their unconstitutional conduct. *See Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The allegation and proof of an actual injury and causation between the officials' conduct and the alleged injury is necessary for there to be liability. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996)("A prisoner must also identify an actual injury resulting from official conduct. *Strickler v. Waters*, 989 F.2d 1375, 1382 - 85 (4th Cir.), *cert. denied*, 510 U.S. 949, 114 S.Ct. 393, 126 L.Ed.2d 341 (1993) A showing of injury is required in order to avoid trivial claims of deprivation."); *White v. Gregory*, 1 F.3d 267, 269 (4th Cir. 1991)("In *Strickler*, we held that a prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the Eighth Amendment.'").

through probation officer. He never responded back. (I filed tort claim - denied) Told to file this suit." (Id., p. 3.)

Plaintiff attached copies of documents to his Complaint as follows:(1) an Administrative Remedy Rejection Notice dated January 12, 2012, from the FCI Beckley Administrative Remedy Coordinator to Plaintiff indicating that the subject of Plaintiff's grievance was "Other Records Management" and stating that "[y]our request must be filed through the United States Probation Office not the Administrative Remedy Process". (Id., p. 14.); (2) a page from the BOP's Program Statement 5141.02 establishing a procedure for identifying inmates who have committed sexual offenses, notifying law enforcement before their release and advising them of treatment programs;[3] (3) a page from Plaintiff's Inmate Skills Development Plan indicating "Appropriate Sexual Behavior" and "no evidence of sexually inappropriate behavior"; (4) an article discussing the effects of drug and alcohol abuse upon unborn children; (5) 18 U.S.C. § 3553; (6) a Court document indicating that Plaintiff was not convicted of a sex offense and Plaintiff's Kentucky conviction of

---

[3] The BOP's Program Statement 5141.02 as Plaintiff has provided it states as follows:

7. APPLICABILITY. This Program Statement applies to any prisoner in the Bureau's custody who is:

\* \* \*

b.   Classified with a Public Safety Factor (PSF) - "Sex Offender" by the Bureau based upon a past or current offense as described in Section 6 except for:

  (1)   Individuals whose PSF is based on behavior which did not result in a conviction for a sexual offense, for example the PSI describes a charge for sexual assault or rape, but the individual was convicted of simple assault; or,

  (2)   Individuals whose PSF is based on behavior while imprisoned which resulted in a guilty finding under institution disciplinary proceedings but not a court conviction. Administrative findings in and of themselves for sexual offenses may not be the basis for registration or notification.

Fourth Degree Assault and Unlawful imprisonment; (7) a portion of a brief discussing the circumstances underlying Plaintiff's Unlawful Imprisonment conviction and other matters indicating his good character; and (8) a letter from a female correctional staff person to the Kentucky Parole Board indicating that Plaintiff protected her from an inmate who was attempting to sexually assault her.

On June 14, 2013, Plaintiff filed a letter and copies of documents (Document No. 9.) as follows: (1) a letter from the Warden of Luther Luckett Correctional Complex in Kentucky to Plaintiff thanking Plaintiff for assisting in preventing an inmate's assault upon the same female staff person whose letter to the Kentucky Parole Board is attached as an exhibit to Plaintiff's Complaint; (2) document numbers (4) and (5) identified above as attached to Plaintiff's Complaint; (3) a lengthy letter reiterating Plaintiff's claims herein; (4) an Inmate Request to Staff Form dated November 18, 2011, in which Plaintiff requests a copy of "the sheet which states my charge of Unlawful Imprisonment and Fourth Degree Assault qualifies as a sexual assault when I accidentally scratched by girlfriends breast by removing crack cocaine from her bra stopping her from smoking crack pregnant with my daughter." The Form indicates that Defendant responded to Plaintiff's request on November 21, 2011, stating that "Attached is your request. I have also attached a copy of the Program Statement which describes the Sex Offender Public Safety Factor."[4]; (5) a page from

---

[4] The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996), requires that inmates exhaust available administrative remedies prior to filing civil actions though the administrative process may not afford them the relief they might obtain through civil proceedings. Plaintiff states in his Complaint that he went through the entire administrative grievance procedure, but Plaintiff does not provide documentation to prove this. Plaintiff provides a copy of his November 18, 2011, Inmate Request to Staff Form in which he appears to request copy of a document or regulation requiring that he have the PSF classification of sex offender (Document No. 9, p. 19.) and a copy of a January 12, 2012, Rejection Notice – Administrative Remedy stating that his "request must be filed through the United States Probation Office (Document No. 2, p. 14.). It is therefore not evident

Program Statement 5100.08 stating when conduct in a PSR indicates when an inmate should be classified as a sex offender and qualify for that Public Safety Factor (PSF)[5]; (6) a page from Black's Law Dictionary where "sexual assault" is defined; (7) document number (2) identified above as attached to Plaintiff's Complaint; (8) a couple pages of the portion of the brief identified as document number (7) attached to Plaintiff's Complaint above; (9) March 6, 2001, Judgment and Sentence on Plea of Guilty entered in th Bourbon County, Kentucky Circuit Court the second page of which is identified as document number (6) attached to Plaintiff's Complaint above; (10) another page of the portion of the brief identified as document number (7) attached to Plaintiff's Complaint

---

from the record that Plaintiff exhausted administrative remedies. It is clear, however, that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. See Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 913, 166 L.Ed.2d 798 (2007); Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 677 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. Prison officials have the burden of proving that the inmate had available remedies which he did not exhaust. See Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004)("Although exhaustion of administrative remedies is a precondition to a federal prisoner filing a Bivens suit, [citations omitted] failure to exhaust is an affirmative defense that the defendants have the burden of pleading and proving." (Citations omitted)) In view of this authority, because it does not appear clearly in the record that Plaintiff did or did not exhaust administrative remedies, the undersigned cannot conclude at this point that he did not.

[5] Program Statement 5100.08 states as follows respecting the sex offender public safety factor:

> A male or female inmate whose behavior in the current term of incarceration or prior history includes one or more of the following elements will be housed in at least a Low security level institution, unless the PSF has been waived. A conviction is not required for application of this PSF if the Presentence Investigation (PSR), or other official documentation, clearly indicates the following behaviors occurred in the current term of confinement or prior criminal history, If the case was dismissed or nollo prosequi, the application of the PSF cannot be entered. However, in the case where an inmate was charged with an offense that included one of the following elements, but as a result of a plea bargain was not convicted, application of this PSF should be entered.

It is therefore clear that a conviction of a sexual offense is not necessary for the application of the sex offender PSF. Documented conduct of a sexual nature is all that is required.

above; (11) a page from Plaintiff's Federal Judgment in a Criminal Case indicating that the box requiring compliance with the Sex Offender Registration and Notification Act is not checked; and (12) document number (3) identified above as attached to Plaintiff's Complaint.

On June 14, 2013, Plaintiff filed a letter in support of his claims and a copy of a Male Custody Classification Form indicating that he has the sex offender PSF. (Document No. 10.)

On June 26, 2013, Plaintiff filed a letter, a copy of a document which he had filed twice before and a copy of a document entitled Commonwealth's Offer on a Plea of Guilty dated February 13, 2001, indicating that Kentucky's offer that Plaintiff plead guilty to Fourth Degree Assault and Unlawful Imprisonment. (Document No. 11.)

## **THE STANDARD**

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 -328, 109 S.Ct. at 1833. A complaint is malicious when it contains allegations which the plaintiff knows to be false, it is a part of a longstanding pattern of abusive and repetitious lawsuits or it contains disrespectful or abusive language. *See* In re Tyler, 839

F.2d 1290, 1293 (8th Cir. 1988). A complaint fails to state a claim upon which relief can be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

## DISCUSSION

Plaintiff claims that Defendant has defamed him and impugned his reputation by determining that he should have the PSF classification of sex offender. The United States Supreme Court stated in Siegert v. Gilley, 500 U.S. 226, 233, 111 S.Ct. 1789, 1794, 114 L.Ed.2d 277 (1991), that "[d]efamation, by itself, is a tort actionable under the laws of most states, but not a constitutional deprivation." See also Paul v. Davis, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976)(Defamation causing damage to reputation but not to a constitutionally protected right is not actionable under Section 1983.); Sterne v. Thompson, 2005 WL 2563179 at *4 (E.D.Va.)("It is well established that a defamatory statement and a concomitant injury to reputation, by themselves, are insufficient to support a *Bivens* claim under the Fifth Amendment.").[6]

Second, it is well established that Congress has delegated inmates' custody classification and placement in Bureau of Prisons programs and facilities to the full discretion of federal prison officials. See Moody v. Daggett, 429 U.S. 78, 88 fn. 9, 97 S.Ct. 274, 279 fn. 9, 50 L.Ed.2d 236 (1976); Meachum v. Fano, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). It is therefore clear that determining custody classification and placement in Bureau of Prisons programs and facilities is a discretionary function of Bureau of Prisons officials. It is further well established that inmates have no liberty or due process rights with respect to the Bureau of Prisons'

---

[6] The undersigned notes that an action charging defamation cannot be maintained against the United States under the Federal Tort Claims Act. 28 U.S.C. § 2680(h). *See also Talbert v. United States*, 932 F.2d 1064, 1066 - 1067 (4th Cir. 1991).

determinations in these regards. The Fourth Circuit has specifically stated that "[t]he federal constitution itself vests no liberty interest in inmates retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of confinement . . . is within the sentence imposed . . . and is not otherwise violative of the Constitution." Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994), cert. denied, 513 U.S. 889, 115 S.Ct. 235, 130 L.Ed.2d 158 (1994); see also Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995)(finding that "a prison inmate does not have a protectible liberty or property interest in his custodial classification and an inmate's disagreement with a classification is insufficient to establish a constitutional violation"); Posey v. Dewalt, 86 F. Supp.2d 565, 571 (E.D.Va. 1999), appeal dismissed by, 215 F.3d 1320 (4th Cir. 2000), cert. denied, 531 U.S. 971, 121 S.Ct. 411, 148 L.Ed. 318 (2000)(stating that "[p]ut simply, petitioner has not stated a due process claim because he has no protected liberty interest in a particular classification within BOP"). Finally, the United States Supreme Court has indicated that prison regulations are not designed to confer rights on or benefits to inmates. Rather, they are primarily designed to guide correctional officials in the administration of prisons. Sandin v. Conner, 515 U.S. 472, 481-482, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Courts accord prison officials substantial deference in the exercising of their professional judgment in administering the order, discipline and security of prisons. Beard v. Banks, 548 U.S. 521, 528, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006).

Clearly, in view of the foregoing authority, Plaintiff has not stated and cannot state a viable claim under Bivens that his constitutional rights were violated in Defendant's determination of his PSF classification under Bureau of Prisons regulations, and his Complaint should be dismissed.

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court

confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document No. 1.), **DISMISS** Plaintiff's Complaint (Document No. 3.) without prejudice and remove this matter from the Court's docket.

Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: August 5, 2013.

R. Clarke VanDervort
United States Magistrate Judge