IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

MILTON ORR KENNEY,

        Plaintiff,

v.                              CIVIL ACTION NO.   5:12-cv-07012

SHAWN LAUGH,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiff's October 26, 2012 *Application to Proceed Without Prepayment of Fees and Costs* and *Complaint for the Violation of Civil Rights Under 42 U.S.C. § 1983* (Document 1 and 2), brought on the grounds, *inter alia*, that the Defendant, a counselor at FCI Beckley, the prison where Plaintiff is housed, defamed and impugned his reputation by determining that he should have a Public Safety Factor ("PSF") classification of sex offender.[1] Plaintiff also argues that his Fifth and Fourteenth Amendment rights were violated, as well as Bureau of Prisons ("BOP") policy, when he was allegedly falsely labeled and called a sex offender. He claims to have suffered emotional distress, weight loss from worrying, and damage to his reputation and character.

By *Standing Order* (Document 3) entered on October 26, 2012, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation ("PF&R") for disposition, pursuant to 28 U.S.C.

---

[1] Plaintiff had originally filed a 42 U.S.C. § 1983 claim, but the Magistrate Judge converted the § 1983 claim to a *Bivens* type action as Plaintiff is an inmate under federal custody, sentenced on a federal conviction.

§ 636. On August 5, 2013, the Magistrate Judge submitted a *Proposed Findings and Recommendation* (Document 12) wherein it is recommended that this Court DENY Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, DISMISS Plaintiff's Complaint without prejudice and remove this matter from the Court's docket.

After thorough review and consideration of the Complaint, the PF&R, Plaintiff's objections to the PF&R and attached exhibits, the Court does hereby **ORDER** that the Magistrate Judge's Proposed Findings and Recommendation be **ADOPTED**.

## I.  RELEVANT FACTS AND FINDINGS OF MAGISTRATE JUDGE

Magistrate Judge VanDervort's PF&R sets forth in great detail Plaintiff's previous and current motions. The Court incorporates by reference the facts and procedural history contained in the PF&R. To further provide context for the ruling herein, however, the Court provides the following summary.

On October 26, 2012, Plaintiff, an inmate at FCI Beckley and acting *pro se*, filed his Complaint for the Violation of Civil Rights Under 42 U.S.C. Section 1983. The Plaintiff names Shawn Laugh as the sole Defendant (Document 2 at 4), and alleges that he tried to "get me to sign papers saying I was a sex offender [but] I refused to sign the Paper's because my case of 'Unlawful Imprisonment' and 'Fourth Degree Assault' was (sic) not a sex offense nor sexual assault." (*Id*. at 5.) The Plaintiff claims this categorization by Defendant Laugh defamed him and violated his "Constitutional Rights, [namely the] 5th and 14th Amendment[s]." (*Id*. at 33.) He seeks relief in the form of "Two Hundred and Fifty Thousand Dollars." (*Id*. at 36.)

The Magistrate Judge found the Plaintiff's Complaint to be critically flawed in several respects. Specifically, the Magistrate Judge found that pursuant to the Supreme Court's decision in *Siegert v. Gilley*, 500 U.S. 226 (1991), and *Paul v. Davis*, 424 U.S. 693 (1976), defamation,

alone, is not a constitutional deprivation nor actionable under 42 U.S.C. § 1983. (Document 12 at 7.) Similarly, Magistrate VanDervort found that an action for defamation cannot lie against the United States under the Federal Tort Claims Act. 28 U.S.C. § 2680(h). (*Id*. at 7, n.2.) The Magistrate Judge also relied on the declarations in *Moody v. Daggert*, 429 U.S. 78 (1976), and *Meachum v. Fano*, 427 U.S. 215 (1976), that the BOP enjoys full discretion and wide latitude with regard to inmate classification determinations, and that under *Posey v. Dewalk*, 86 F.Supp 2d 565 (E.D.Va. 1999), inmates cannot claim a violation of due process because they have no protected liberty interest in any particular classification within the BOP. (*Id*. at 7-8.) Citing to *Sandin v. Connor*, 515 U.S. 472 (1995), the Magistrate Judge found that prison regulations and classifications are not designed to confer rights on or benefits to inmates, but rather are administrative tools necessary to the functioning of the prison system. (*Id*. at 9.) Thus, with respect to the foregoing authority, the Magistrate Judge recommended that because the "Plaintiff has not stated and cannot state a viable claim under <u>Bivens</u> that his constitutional rights were violated in Defendant's determination of [Plaintiff's] [Public Safety Factors] classification," (Document 12 at 8), his Complaint should be dismissed without prejudice. (*Id*. at 9.)

## II.     STANDARD OF REVIEW

In accordance with the provisions of 28 U.S.C. § 636(b), the Plaintiff was allotted fourteen (14) days, plus three (3) mailing days, in which to file any written objection to the proposed findings and recommendation.[2] As a result, objections to Magistrate Judge VanDervort's *Proposed Findings and Recommendation* were due on August 22, 2013. The Plaintiff timely filed objections to the PF&R on August 22, 2013.[3] (*See* Objection to Proposed Findings and

---

[2]     *See* Proposed Findings and Recommendation (Document 12 at 9); *see also* 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).
[3]     Plaintiff's docket reflects two entries titled "OBJECTION to the Proposed Findings and

Recommendations ("Pl.'s Objections") (Document 16))  The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted).   When reviewing portions of the PF&R *de novo*, the Court will consider the fact that Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

### III.    APPLICABLE LAW

With respect to a claim for defamation against the United States, 28 U.S.C. §2680(h) states, in part, that "[t]he provisions of this chapter … shall not apply to—[a]ny claim arising out of … libel, slander… ." With respect to alleged deprivations of the Fifth or Fourteenth Amendments, "[t]he federal constitution itself vests no liberty interest in inmates in retaining or receiving any particular security or custody status [a]s long as the [challenged] conditions or degree of confinement … is within the sentence imposed … and is not otherwise violative of the Constitution." *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994) (quotations emitted).

It is within the discretion of the BOP to determine sex offender PSF classification "if the Presentence Investigation Report (PSR), or other official documentation, clearly indicates" that

---

Recommendations by Magistrate Judge, by Milton Orr Kenney" dated August 7 and August 22, 2013, respectively. Upon careful consideration, however, this was simply a clerical error and Plaintiff filed only one set of Objections, dated August 22, 2013. (Document 16.) The first letter cannot be categorized as an objection because it cleared prison mailroom processing August 5, 2013, the same day the Magistrate Judge's PF&R was filed. Regardless, the August 7, 2013 letter contains no discernible objections but instead proffers additional "paperwork that helps [Plaintiff's] case." (Document 14.)

the Defendant engaged "in sexual contact with another sans consent" or "any sexual contact with a minor or other person physically or mentally incapable of granting consent." (P.S. 5100.08 ch. 5 page 8.)   Notably, a conviction is not required for the application of PSF dealing with sex offender classifications. (*Id*.)   BOP officials are also allowed to base their classification on "behavior in the current term of confinement or prior history … ." (*Id*.)   Importantly, Federal inmates have no cognizable liberty interest in a particular custody classification. *Watts v. Federal Bureau of Prisons*, No. 7:05-cv-00601, 2006 WL 240787, at *1 (W.D.Va. Jan. 31, 2006); *Moody v. Daggett*, 429 U.S. 78, 88 at n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976).

### IV.   DISCUSSION

In his Objection filed August 22, 2013, the Plaintiff restates the allegations listed in his Complaint (*see* Pl.'s Objections at 1-9, 11), and encloses various exhibits previously filed with this Court, including: (1) an article titled "Drugs and Your Baby"; (2) 18 U.S.C. § 3553(a); (3) a page from Black's Law Dictionary where "sexual assault" is defined; and (4) a page from the BOP's Program Statement 5141.02 establishing a procedure for identifying inmates who have committed sexual offenses, notifying law enforcement before their release and advising them of treatment programs. (Id. at 13-17.)   The Plaintiff begins the letter by stating "[d]efamation of my character is very stressful…" (*Id*. at 1), and "I shall not be deprived of equal protection of the law" (*Id*. at 6.), and that "Shawn Laugh published false information about me and has violated the 5th and 14th Constitutional Right and the 5141.02 and 18 U.S.C. 4042(c) Prison Policy." (*Id*. at 4.)   He also cites *North Carolina v. Clifton A. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2012, 23 L.Ed. 2d 656, and *U.S. v. Epley*, 52 F.3d 571, 576 (6th Cir.), for the proposition that "I shall not be punished twice for the same offense." (Id. at 7.)

The Plaintiff's "objection" letter continues to provide the Court with certain background information from his original conviction and proclaims that '[t]he most important thing is to protect my childs (sic) life – she is depending on me to protect her and I did protect her." (*Id*. at 4.) The Plaintiff objects to the Magistrate's finding that he has not stated a claim upon which relief can be granted because "I have clearly shown a Violation of my Rights. Relief can be granted when Publication is False and Violation of Prison Policy and a Violation of the 5th and 14th Amendment. Total relief shall be granted when the law and Constitution has been violated. Shawn Laugh has clearly violated my Constitutional Rights so im (sic) entitled to relief." (*Id*. at 11.)

Simply put, the Plaintiff has not challenged the Magistrate Judge's recommendation or reasoning, but rather continues to rattle off facts not wholly relevant to the instant determination. He fails to bring to the Court's attention any factual or legal gap in the Magistrate Judge's PF&R upon which to base an objection or challenge.

Even assuming *arguendo* that the Plaintiff has a liberty interest with respect to the sex offender classification, the record[4] before this Court indicates that the Plaintiff was provided at least some ability to challenge his classification, both during the group counseling meeting(s) with Shawn Laugh, and later through exhaustion of available penal administrative remedies. Thus, it cannot be said that the Plaintiff was denied due process to support a challenge to the perceived misclassification.

To the extent that Plaintiff's August 22, 2013 letter, which contains a recitation of his original allegations, case law, and circumstances surrounding a Kentucky conviction, may be considered an objection, the Court **OVERRULES** the same.

---

4 It must be noted that the record before this Court is lacking in some regard with respect to both the basis of the sex offender classification and the scope of process afforded the Plaintiff from which to challenge the PSF determination.

## V. CONCLUSION

Accordingly, the Court incorporates herein the findings and recommendation of the Magistrate Judge as contained in the Proposed Findings and Recommendation, and **ORDERS** that the Magistrate Judge's Proposed Findings and Recommendation (Document 12) be **ADOPTED**, Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document 1) be **DENIED**, Plaintiff's Complaint (Document 2) be **DISMISSED** and this matter be removed from the Court's docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge VanDervort, to counsel of record, and to any unrepresented party.

ENTER: October 25, 2013

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA